**BRUNS KIMBALL & CO., Inc. v. NATIONAL PRESSURE COOKER CO.**

Civ. No. 47–247.

United States District Court
S. D. New York.

March 21, 1949.

Zalkin & Cohen, of New York City (Theodore B. Wolf, of New York City, of counsel), for plaintiff.

Cleary, Gottlieb, Friendly & Cox, of New York City, for defendant.

KAUFMAN, District Judge.

Defendant moves for summary judgment in an action brought to recover damages for breach of contract.

The facts, insofar as here material, are that in January, 1946 the parties entered into an agreement wherein the defendant granted the plaintiff the exclusive right to sell its outboard motors in designated territories for a period ending on December 31, 1946. The agreement was subject to cancellation by either party on thirty days written notice, and was terminated on December 2, 1946 by an exchange of telegrams between the parties.

The complaint alleges that during the term of the agreement the plaintiff placed with the defendant orders which were accepted by the defendant and on which partial deliveries were made. The claim here asserted is for the failure to deliver the balance of those orders.

The defendant urges that paragraph eight of the agreement is a complete bar to this action. It reads in part: "After the expiration or any termination of this agreement, the manufacturer shall have no further responsibility, liability or obligation to the distributor under this agreement, and may establish new distributors immediately after expiration, or receiving or 30 days after signing, any notice of termination: provided, however, that within 60 days after such termination or expiration, the manufacturer may, at its option, fill, in whole or in part, any order on its books placed by distributor, and distributor shall not be relieved by virtue of such termination or expiration, from accepting shipment thereon and making payment therefor."

The agreement itself did not impose upon the defendant any obligation to deliver orders, for it provided that the plaintiff should place "firm and uncancelable orders" and that each order "shall be subject to acceptance" by the defendant. The obligation to deliver orders arose separate and apart from the agreement and thus the provision terminating liabilities "under this agreement" does not expressly include the subject matter of the claim here asserted. See More v. Knox, 52 App.Div. 145, 147, 64 N.Y.S. 1101, affirmed, 169 N.Y. 591, 62 N.E. 1098.

The defendant contends however that such a construction would render meaningless the provision which made it optional with defendant to fill orders on its books at the time of termination of its agreement with plaintiff. In view of the facts that each order was subject to acceptance and that the agreement also provided that the filling of any accepted orders should be subject only to certain specified contingencies which did not include termination, it would seem reasonable to hold that the option applied only to unaccepted orders.

As so construed, each provision of the contract is given a reasonable effect. Accepting defendant's position would mean that it could refuse to deliver accepted orders by merely terminating the distributorship agreement. "An interpretation which makes the contract or agreement fair and reasonable will be preferred to one which leads to harsh or unreasonable results." 3 Williston on Contracts, § 620 (1936 Rev.Ed.).

Moreover since the contract here was prepared by the defendant, whatever ambiguity there may be is to be resolved in plaintiff's favor. 3 Williston on Contracts, § 621 (1936 Rev.Ed.).

It is concluded therefore that the provision relieving the defendant of all obligations under the agreement upon its ter-

mination does not include within its scope the obligation to fill orders accepted by it during the term of the agreement.

Motion denied. Settle order on notice.